UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:20-CR-00098-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| SAMANTHA SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(2) in Light of Retroactive Effect of Amendment 821 Criminal History "Status" Points [*Motion*, Doc. 131; *Supplement*, Doc. 138].  The Government has filed a response in opposition. [Doc. 140].  For the following reasons, Defendant's motion is **DENIED**.

## I.  BACKGROUND

On April 23, 2021, Defendant pleaded guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine.  [*See* Docs. 42, 46].  Based on a total offense level of 33 and a criminal history category of III, Defendant's guideline range was 168 to 210 months.  [Doc. 50, ¶ 64].  At sentencing, the Court granted the Government's motion for a two-level downward departure based on Defendant's substantial assistance and varied downward by two additional levels due to Defendant's safety valve eligibility.[1]  [Doc. 84].  The Court then sentenced Defendant to 108 months' imprisonment. [Doc. 83].  Defendant is currently housed at RRM Nashville with a

---

[1]      On the date of Defendant's sentencing, the guidelines had not yet been amended to match the First Step Act's amended statutory language regarding the safety valve.

1

projected release date of December 24, 2027. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 15, 2026). She now seeks a sentence reduction pursuant to Guideline Amendment 821. [Doc. 131].

## II.     ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

Defendant moves for a sentence reduction under the first part of Amendment 821, U.S.S.G. § 4A1.1. At the time of sentencing, Defendant received five criminal history points, two of which were status points. If she were sentenced today, she would receive zero status points. That would reduce her criminal history points from five to three, and her criminal history category would

change from III to II.  Accordingly, her amended guideline range is now 151 to 188 months' imprisonment.  However, because Defendant's original sentence was based, in part, on a two-level downward departure due to her substantial assistance, the Court may reapply that two-level departure now. This establishes Defendant's applicable amended guideline range as 121 to 151 months' imprisonment.  Because Defendant's 108-month sentence is already below that amount, she is ineligible for a sentence reduction under Amendment 821.  *See United States v. Beckham*, 838 F.3d 731, 734 (6th Cir. 2016) (explaining that "because [defendant's] current sentence already falls below [the amended guideline] range, the district court could not further reduce his sentence.").

Defendant argues that the Court should also reapply the two-level variance for her safety-valve eligibility, but this course is foreclosed by Sixth Circuit precedence.  In *United States v. Taylor*, the Sixth Circuit held that the policy statement in U.S.S.G. § 1B1.10(b)(2)(B) "preclude[s] district courts from reapplying *any* departure or variance in a sentence reduction, except for a departure based on substantial assistance." 815 F.3d 248, 250-51 (6th Cir. 2016) (emphasis added); *see Beckham*, 838 F.3d at 734 ("a straightforward application of § 3582(c)(2), the Guidelines, and circuit precedent precluded the district court from reapplying Beckham's [non-substantial assistance] departure in calculating his amended Guidelines range.").  Though Defendant asks the Court to depart from this policy statement, Congress has only authorized courts to reduce sentences "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Dillon v. United States*, 560 U.S. 817, 825 (quoting 18 U.S.C. § 3582(c)(2)).  It would be inconsistent with the plain language of the policy statement in U.S.S.G. § 1B1.10(b)(2)(B) to reapply a variance for a non-substantial assistance reason; therefore, she is

3

ineligible for a reduction in her sentence, and her motion must be denied.

Regardless of her eligibility for a sentence reduction, Defendant also asks the Court to enter an order noting her lowered criminal history category as it may affect her classification with the Bureau of Prisons and the application of potential sentence credits. The United States argues that the Court has no authority to do so, and the Court agrees.

While there are varying opinions on whether a Court may retroactively modify a defendant's criminal history category under Amendment 821 where no sentence reduction is granted, case law within the Sixth Circuit declines such authority as it is not prescribed in the Federal Rules of Criminal Procedure or any applicable case law. *See United States v. Nesbitt*, No. CR 5:17-097-DCR, 2024 WL 2303809, at *1-2 (E.D. Ky. May 21, 2024); *United States v. DeJournett*, No. 5:13-CR-513-1, 2024 WL 158102, at *3 (N.D. Ohio Apr. 11, 2024). Without such authority, this Court cannot retroactively modify any portion of the presentence investigation report to reflect Defendant's lowered criminal history category.

## III.    CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 131] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

4